# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL-ROM SERVICES, INC., | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| vs. | )   Cause No. 1:17-cv-4725-WTL-MJD |
| | ) |
| TELLISENSE MEDICAL, LLC, et al., | ) |
| | ) |
|     Defendants. | ) |

## ENTRY ON MOTION TO DISMISS

This cause is before the Court on the motion to dismiss filed by Encompass Group, LLC ("Encompass"), Tellisense Medical, LLC ("Tellisense"), and Robert Ufford (collectively, the "Encompass Defendants") (Dkt. No. 156). The Court, being duly advised, **GRANTS IN PART** and **DENIES IN PART** the Encompass Defendants' motion for the reasons set forth below.

## I.     Legal Standard

The Encompass Defendants move to dismiss the Plaintiff's Second Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that the Second Amended Complaint fails to state a claim for which relief can be granted.

> "To survive a motion to dismiss, a complaint must contain sufficient factual matter, if accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). We "must accept as true all of the allegations contained in a complaint" that are not legal conclusions. *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

*Toulon v. Cont'l Cas. Co.*, 877 F.3d 725, 734 (7th Cir. 2017).

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability

> requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.

*Forgue v. City of Chicago*, 873 F.3d 962, 966 (7th Cir. 2017) (citations omitted).

## II.     **Factual Background**

The factual allegations in the Second Amended Complaint are taken as true for the purposes of this motion. "Plaintiff Hill-Rom is a health care company that provides a range of patient care solutions in a variety of areas, including the design, manufacture, and sale of, among other things, hospital beds for use by hospitalized and bedridden patients." Dkt. No. 143 at 5. "To assist healthcare personnel with the detection of incontinence events in hospital beds, for several years Hill-Rom has been working on the development of moisture detection systems that would detect and signal the presence of incontinence events to healthcare personnel." *Id*. "In 2011, Hill-Rom began a new project to develop incontinence event detection technology and systems (the 'Project')." *Id*.

"In or around the spring of 2013, Encompass introduced Hill-Rom to Tellisense and Ufford, and Hill-Rom entered into negotiations and discussions with Encompass, Tellisense, and Ufford to serve as contractors for the Project." *Id*. at 6. In September 2013, Hill-Rom, Tellisense, Ufford, and Encompass entered into a master services agreement (the "Service Agreement"). *Id*. at 7.

Prior to its dissolution, Tellisense was a Delaware limited liability company, whose members were the Sivix Corporation and Encompass. *Id*. at 2. Encompass is also a Delaware limited liability company, with individual members throughout the country. *Id*. The dispute between the Plaintiff and the Encompass Defendants arose out of their work together on the Project.

### III. Discussion

The Plaintiff asserts several claims against the Encompass Defendants, among them: Count II for breach of contract under a third-party beneficiary theory; Count III for breach of implied-in-fact contract; Count IV for promissory estoppel; Count V for fraud; Count VI for constructive fraud; Count VII for tortious interference with contract; Count VIII for misappropriation of trade secrets in violation of the Defend Trade Secrets Act; Count IX for misappropriation of trade secrets in violation of the Indiana Uniform Trade Secrets Act; Count X, which states another violation of the Indiana Uniform Trade Secrets Act; and Count XI for conversion. The Plaintiff fails to respond to the Encompass Defendant's arguments regarding Counts VII and VIII. Dkt. No. 177 at 7-8. Accordingly, the Court considers these arguments conceded, and **DISMISSES** Counts VII and VIII as to Encompass.

The Encompass Defendants also argue that Counts II-VI, IX, and XI, should be dismissed because the Plaintiff cannot impose liability against Encompass due to Tellisense's limited liability company status, and that Count X should be dismissed because of the statute of limitations. The Court considers these arguments in turn.

**A.     Encompass's Potential Liability As A Member Of A Limited Liability Company**

The Encompass Defendants argue that, as a matter of law, the Plaintiffs cannot hold Encompass, as a member of the Tellisense limited liability company, liable for the actions of Tellisense by claiming that Encompass is part of a joint venture. Alternatively, the Encompass Defendants argue that even were that not the case, the Plaintiff has failed to sufficiently plead that Tellisense was a joint venture. The Plaintiff responds by arguing that Encompass specifically agreed to accept liability by entering into the Service Agreement, and that it is premature for the Court to rule on whether Tellisense was a joint venture.

The Plaintiff seems to concede that Encompass, as a member of the Tellisense limited liability company, is not inherently liable for Tellisense's actions, and thus points to Encompass's status as a party to the Service Agreement as a basis for liability.  Acknowledging the Plaintiff's argument, the Encompass Defendants counter in their reply:

> Pursuant to the [Second Amended Complaint], Encompass Defendants' purported obligations under the Service Agreement were to (1) execute appropriate agreements with their contractors and subcontractors; and (2) indemnify Plaintiff for losses resulting from the actions of their agents related to the Project.  Even accepting these allegations as true for purposes of this Motion, however, this does not mean that Encompass Defendants agreed to be individually liable for the tortious actions of the other signatories or the other signatories' agents.  Contractual liability and agency liability are not interchangeable.  The most that Plaintiff could demonstrate—even taking its allegations as true—is that Encompass allegedly agreed to indemnify Plaintiff for the harms caused by Tellisense and its agents.  Encompass did not, however, agree to be independently liable for those harms.  Indeed, an agreement to indemnify is not an agreement to plead guilty to underlying torts.

Dkt. No. 177 at 2-3 (internal citations omitted).  The Encompass Defendants' argument is correct.  To the extent that the Plaintiff's claims against Encompass are based upon the allegedly tortious actions of Tellisense's agents, the Plaintiff has a claim for indemnification, not for the torts themselves.

However, Encompass remains potentially liable as part of a joint venture with Tellisense.  Under Indiana law:

> A joint venture has been defined as an association of two or more persons formed to carry out a single business enterprise for profit.  For a joint venture to exist, the parties must be bound by an express or implied contract providing for (1) a community of interests, and (2) *joint or mutual control, that is, an equal right to direct and govern the undertaking, that binds the parties to such an agreement.*  A joint venture is similar to a partnership except that a joint venture contemplates only a single transaction.  *A joint venture agreement must also provide for the sharing of profits.*

*DLZ Indiana, LLC v. Greene Cty.*, 902 N.E.2d 323, 328 (Ind. Ct. App. 2009) (internal citations omitted) (emphasis in original).  Furthermore, "[a]s with all contracts, whether or not there is a joint venture is ultimately a question of the intent of the parties . . . ." *Id*.

The Encompass Defendants spend much time discussing how Encompass, as a member of the Tellisense limited liability company, cannot also be part of a joint venture with it.  In particular, the Encompass Defendants note that Encompass, as a member of Tellisense, does not have joint and several liability with Tellisense, Dkt. No. 157 at 7, and was not formed for a single purpose, *id*. at 8.  However, as the Plaintiff notes, it has pled that Tellisense, Encompass, and the Sivix Group held themselves as a joint venture in a July 2013 document.  *See* Dkt. No. 143 at 8 ("In the July 2013 SOW Response, Tellisense is represented to be a joint venture of Defendant Encompass and another entity, the Sivix Group.").  Thus, the Plaintiff has adequately pled that the limited liability company and its members acted as one for the purpose of the Project.  As the Plaintiff argues, it would be premature for the Court to determine more at this stage.  Accordingly, the Court **DENIES** the Encompass Defendants' motion to dismiss as to Counts II-VI, IX, and XI.

## B. The Statute Of Limitations Of Count X

Count X involves an alleged violation of the Indiana Uniform Trade Secrets Act ("IUTSA"), and is premised on the allegation that the "[r]ather than comply with and enforce the contractual obligations to maintain the confidentiality of [the Plaintiff's] trade secrets, Encompass, Tellisense, and Ufford caused and facilitated the misuse of [the Plaintiff's] trade secrets by, *inter alia*, Tellisense and [Defendants Roc] Lastinger and Helvetia [Wireless, LLC] entering into agreements that were in violation of Section 7(f) of the Service Agreement."  Dkt. No. 143 at 58.  Pursuant to Indiana law, "[a]n action for misappropriation must be brought within

5

three (3) years after the misappropriation is discovered or by the exercise of reasonable diligence should have been discovered." Ind. Code § 24-2-3-7. The Encompass Defendants allege that the Plaintiff should have discovered this claim on September 17, 2013, or June 11, 2015, both of which they argue would time-bar the Plaintiff's claim.

"[D]ismissal under Rule 12(b)(6) is irregular, for the statute of limitations is an affirmative defense" and that therefore "the complaint must plainly reveal that the action is untimely under the governing statute of limitations." *Chicago Bldg. Design, P.C. v. Mongolian House, Inc.*, 770 F.3d 610, 613-14 (7th Cir. 2014) (internal quotation marks omitted). Therefore, the question is whether the facts alleged in the Second Amended Complaint compel a finding that the claim is time barred.

According to the Second Amended Complaint, "[o]n September 17, 2013, [the Plaintiff] met with Tellisense, Ufford, and Lastinger in Indiana, where [the Plaintiff] disclosed trade secrets and Confidential Information, and the parties discussed and worked on sensor design and the development of an incontinence detection system for [the Plaintiff]. At that meeting, Ufford signed Lastinger's name in [the Plaintiff's] Visitors Register as being from Tellisense." Dkt. No. 143 at 10. The Encompass Defendants argue that the statute of limitations should run from September 17, 2013, because:

> Plaintiff appears to allege that Lastinger—a complete stranger to Plaintiff—simply showed up at Plaintiff's headquarters on September 17, 2013 and was welcomed in with open arms and no questions asked. Although Plaintiff had just required Tellisense and all of its known affiliates to execute independent Service Agreements days before, Plaintiff further appears to allege that it allowed Lastinger to sit in on top-secret, highly confidential meetings, wherein Plaintiff proceeded to watch Encompass Defendants disclose trade secrets to Lastinger, all the while not bothering to inquire about whether Lastinger had signed a confidentiality agreement. This argument is absurd. But even suspending logic and taking these incredible allegations as true, Plaintiff's misappropriation claim against Encompass Defendants fails because the statute of limitations on the claim

6

expired on September 17, 2016—three years from the date that a reasonable person would have been put on notice that a misappropriation claim *might* exist.

Dkt. No. 157 at 13 (internal citations omitted) (emphasis in original). In response, the Plaintiff argues that:

> [T]he Encompass Defendants completely ignore the Complaint and mischaracterize Defendant Roc Lastinger as a "complete stranger to Plaintiff" who was "welcomed in with open arms and no questions asked" before he attended a meeting on that date at Hill-Rom's Batesville, Indiana facility. In actuality, it is alleged that the Encompass Defendants presented Lastinger (and Helvetia) as a member of the "Tellisense team." This includes Tellisense's representation to Hill-Rom that Lastinger was one of its "Principals" in July 2013 and by Ufford signing Lastinger in Hill-Rom's Visitors Register as being from Tellisense.
>
> Hill-Rom further alleges that, before Lastinger entered its premises, the Encompass Defendants entered into the Service Agreement on or about September 11, 2013. The Service Agreement has an effective date of June 3, 2013, and it contains multiple undertakings by the Encompass Defendants as the "Company" to protect Hill-Rom's trade secrets and confidential information. Based on these well-pleaded allegations, Hill-Rom had every reason to believe that Lastinger was an agent, employee, principal or representative of Tellisense and bound by the Service Agreement when he attended the September 17, 2013 meeting.

Dkt. No. 175 at 10-11 (internal citations and footnote omitted). Finally, in their reply, the Encompass Defendants assert that the Plaintiff's argument:

> fails to account for the reason why Plaintiff insisted on executing a seventeen-page agreement with Tellisense and Encompass and Ufford—who were also inarguably part of the "Tellisense team"—a mere six days before it welcomed Lastinger into its headquarters to observe its alleged trade secrets. Indeed, Ufford was also held out as a Tellisense team-member and would also have ostensibly signed in as such, and yet Plaintiff required him to execute the Service Agreement in his individual capacity. Plaintiff therefore has not—and cannot—justify its insistence on executing extensive written contracts with some of Tellisense's team members while completely ignoring others.

Dkt. No. 177 at 10 (internal citations omitted).

The factual dispute laid bare by these arguments demonstrate that the statute of limitations issue cannot be decided at this stage. The Second Amended Complaint contains

7

allegations that the Plaintiff considered Lastinger an agent of Tellisense, a party with contractual obligations to protect the Plaintiff's trade secrets and confidential information. *See, e.g.*, Dkt. No. 143 at 10 ("Ufford signed Lastinger's name in Hill-Rom's Visitors Register as being from Tellisense"). Accordingly, the fact the Plaintiff did not execute an agreement to protect its trade secrets and confidential information with Lastinger does not "plainly reveal" that the Plaintiff should have known about its IUTSA claim on September 17, 2013, and that the statute of limitations expired on September 17, 2016.

The Encompass Defendants argue in the alternative that the statute of limitations began to run on June 11, 2015 when "Lastinger gave a presentation . . . during which he disclosed that he had several patents pending on information that was related to the exact technology developed during the work on the Project." Dkt. No. 157 at 15. Accordingly, the Encompass Defendants argue that:

> [i]t is therefore difficult—if not impossible—for Plaintiff to now allege that it did not have sufficient information on June 11, 2015 to cause it to at least inquire about whether a legal harm had occurred. Indeed, if Plaintiff's allegations are to be believed, Lastinger effectively stood up at a meeting and told Plaintiff on June 11, 2015 that he—having learned confidential information through Encompass Defendants—had taken and patented Plaintiff's purported trade secrets for himself. Such a proclamation undoubtedly would have put a "person of common knowledge and experience on notice" that it should inquire in the confidentiality and ownership protections in place.

*Id.* (internal citations omitted). The Court disagrees. The Plaintiff notes that they were also told by Helvetia and Lastinger that "everything we have done on this project is Hill-Rom's, period." Dkt. No. 175 at 11 (quoting Dkt. No. 143 at 21). While the Encompass Defendants note that the Plaintiff alleges that Helvetia and Lastinger stated in a presentation that "[p]rior to entering into a development agreement with Enco[m]pass for the Hill-Rom incontinence project, Helvetia developed a series of proprietary (patent pending) concepts for motion detection," Dkt. No. 177 at 13 (quoting Dkt. No. 143 at 21), and argue that this statement should have put the Plaintiff on

8

notice. This is parsing the allegations too finely. This statement does not amount to an admission that the Helvetia and Lastinger "had worked on an and developed Plaintiff's exact trade secrets without any agreement with Encompass Defendants." Dkt. No. 177 at 13. Accordingly, the allegations in the Second Amended Complaint do not compel the conclusion that the Plaintiff was put on notice of this claim by June 11, 2015, and therefore the Encompass Defendants' motion to dismiss this claim is **DENIED**.

## IV. Conclusion

For the reasons set forth above, the motion to dismiss filed by Encompass Group, LLC, Tellisense Medical, LLC, and Robert Ufford (Dkt. No. 156) is **GRANTED IN PART** and **DENIED IN PART**.

The Encompass Defendants have filed a document entitled Notice of Joinder to Defendants Helvetia Wireless, LLC and Roc Lastinger's Motion to Dismiss (Dkt. No. 218). The Court construes the Notice as a motion to join and **DENIES** that motion. If the Encompass Defendants believe that there are additional arguments they are entitled to make regarding the adequacy of the Second Amended Complaint as it applies to them, they should seek leave to file an appropriate motion raising those arguments. The motion for leave shall explain the legal basis for permitting them to raise the additional arguments at this stage of the litigation and shall be accompanied by a proposed motion and brief that addresses the additional arguments as they pertain to the Encompass Defendants and without incorporating by reference the brief of Helvetia and Lastinger.

SO ORDERED: 6/27/2019

_William T. Lawrence_
Hon. William T. Lawrence, Senior Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification