UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HILL-ROM SERVICES, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:17-cv-04725-TWP-MJD |
| ) | |
| TELLISENSE MEDICAL, LLC, et al., ) | |
| ) | |
| Defendants. ) | |

**ORDER ON MOTION TO COMPEL**

This matter is before the Court on the Motion to Compel Answer to Interrogatories Propounded on Hill-Rom Services, Inc., filed by Defendants Encompass Group, LLC, and Robert Ufford [Dkt. 286]. For the reasons set forth below, the motion is **GRANTED IN PART** and **DENIED IN PART**.

**I. Background**

Plaintiff Hill-Rom Services, Inc. ("Hill-Rom") is a health care company that, inter alia, designs, manufactures, and sells hospital beds. In 2013, Hill-Rom contracted with Encompass Group, LLC, ("Encompass"), Tellisense Medical, LLC ("Tellisense"), and Robert Ufford (collectively, the "Encompass Defendants") to work with Hill-Rom on a project (hereinafter "the Project") to develop a moisture detection system that "would detect and signal the presence of incontinence events to healthcare personnel." [Dkt. 143 at 5.] In a nutshell, in its Second Amended Complaint, Hill-Rom alleges that after Roc Lastinger became involved with the Project through his relationship with Tellisense, Lastinger formed Helvetia and, using Hill-Rom's trade secrets and confidential information that he obtained through his work on the

Project, developed several inventions for which he filed patent applications. In its Second Amended Complaint, Hill-Rom asserted numerous claims against the Encompass Defendants, Helvetia, and Lastinger. [*See* Dkt. 143]. Hill-Rom dismissed its claims against Helvetia and Lastinger in August 2019 after the death of Lastinger. [*See* Dkt. 248].

## II. Legal Standard

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26. A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. Fed. R. Civ. P. 37(a)(2)-(3). Relevant information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "The burden 'rests upon the objecting party to show why a particular discovery request is improper.'" *McGrath v. Everest Nat. Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008) (quoting *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)).

## III. Discussion

At issue before the Court are two interrogatories.[1] Hill-Rom has objected to each of them and provided no substantive response to either.

---

[1] Initially there were fourteen interrogatories at issue. At the time the instant motion was filed, Hill-Rom had not provided substantive responses to any of them. However, after the motion to compel was filed, Hill-Rom served supplemental responses to all but two of those interrogatories. In light of Hill-Rom's promise to supplement its answers, it appears to the Court that it would have been far more efficient for all involved for Encompass and Ufford to wait for that supplemental response before filing their motion to compel. That said, it also would have been preferable for Hill-Rom to provide substantive responses in the first instance, seeking more time from the Court to do so if necessary.

As an initial matter, Hill-Rom objects to both interrogatories on the ground that the Encompass Defendants have, as a unit, exceeded the twenty-five interrogatory limit found in Federal Rule of Civil Procedure 33(a)(1). The Court agrees with the general premise that parties that are acting jointly in a case usually should be treated as one party for purposes of propounding interrogatories. However, that general premise applies without regard to whether the joint parties are the propounders or the propoundees. In other words, generally the Encompass Defendants would be permitted to serve twenty-five interrogatories on Hill-Rom and vice versa. Neither Hill-Rom nor the Encompass Defendants have proceeded under this general rule, however. The Encompass Defendants have proceeded as if they were each entitled to serve twenty-five interrogatories on Hill-Rom and vice versa, while Hill-Rom argues that it is entitled to serve twenty-five interrogatories on each Encompass Defendant, for a total of seventy-five, but the Encompass Defendants are only entitled to serve a total of twenty-five interrogatories on Hill-Rom.

Because none of the parties sought guidance on this issue from the Court sooner,[2] the Court resolves the issue by *sua sponte* enlarging the number of permissible interrogatories in this case to seventy-five per party, with the Encompass Defendants being treated as one party for purposes of both propounding and responding to interrogatories.

The Court will address Hill-Rom's remaining objections to each of the interrogatories in turn below.

---

[2] The Court notes that Hill-Rom's criticism of Encompass and Ufford for failing to cite any case law in support of their position on this issue is misplaced. A literal reading of Rule 33(a)(1) supports the Defendants' position, and there is no binding precedent to the contrary.

### A. *Interrogatory No. 21*

The first interrogatory at issue, which was served by Encompass, reads as follows:

> **INTERROGATORY NO 21:** Identify and describe in detail the total fees and costs incurred by You in this Action. In Your response, include without limitation the identities of the attorneys retained and the past and current rates those attorneys billed to You; the experts retained and the past and current rates those experts billed to You; the number of hours billed by each attorney and expert; and the total of all fees and costs incurred.

[[Dkt. 287 at 2](#).] Hill-Rom objects to providing this information at this juncture of the case, arguing that discovery regarding attorney fees is not appropriate unless and until a determination is made that an award of fees is appropriate. The Court agrees. In the event that Hill-Rom ultimately is entitled to an award of attorney fees—either as a prevailing party in its claim under the Indiana Uniform Trade Secrets Act or under a contractual theory—the amount of that fee award will be determined by the Court after trial. As the Seventh Circuit held in *[Rissman v. Rissman](#)*, [229 F.3d 586 (7th Cir. 2000)](#):

> What Rule 54(d)(2)(A) requires is that a party seeking legal fees among the items of damages-for example, fees that were incurred by the plaintiff before the litigation begins, as often happens in insurance, defamation, and malicious prosecution cases-must raise its claim in time for submission to the trier of fact, which means before the trial rather than after. Fees for work done during the case should be sought after decision, when the prevailing party has been identified and it is possible to quantify the award.

*[Id.](#)* [at 588](#). Interrogatory No. 21 seeks information about fees and costs incurred by Hill-Rom "in this action," that is, "[f]ees for work done during the case."

There is enough work to be done to get this case ready for dispositive motions and/or trial. The Court finds that the better course of action is to defer any discovery relating to the

4

proper amount of an attorney fee award until a motion seeking such an award is made pursuant to Rule 54. Accordingly, the motion to compel is **DENIED** with regard to Interrogatory No. 21.[3]

### B. Interrogatory No. 25

The second interrogatory at issue, which was served by Ufford, reads as follows:

> **INTERROGATORY NO 25:** Identify and describe in detail all information relating to the sale of Hill-Rom's WatchCare Incontinence Management System, including without limitation profits from all sales of the system, the number of systems sold, all components sold independently of the complete system, and the costs to market the system.

[Dkt. 287 at 4.] Hill-Rom argues that the information sought in this interrogatory is irrelevant:

> Hill-Rom's claims are for trade secret misappropriation and breach of contract arising out of the Encompass Defendants' improper disclosure and failure to protect Hill-Rom's trade secrets that were developed years before WatchCare was commercialized and which resulted in the filing of several patents that improperly use and disclose Hill-Rom's intellectual property. Hill-Rom is not making a claim for its lost sales of WatchCare and Ufford does not argue why this information is relevant or why he needs it to defend against Hill-Rom's claims. Further, the number of WatchCare systems sold and the components sold independent of the complete system is neither relevant nor important discovery because Hill-Rom is not making a claim related to that information. Requiring Hill-Rom to detail the irrelevant information sought by Interrogatory No. 25 would not be proportional to the needs of the case and Hill-Rom's objections should be sustained.

[Dkt. 293 at 21-22.] In reply, Encompass and Ufford point to the fact that Hill-Rom's damages expert, R. Christopher Rosenthal, "expressly relies on WatchCare sales projections created by

---

[3] Encompass and Ufford note that the Court did not permit them to defer their answers to Hill-Rom's contention interrogatories until the close of discovery and argue that Hill-Rom likewise should not be permitted to defer its response to this interrogatory. That comparison is inapposite. Hill-Rom's contention interrogatories sought information directly relevant to the merits of the parties' claims and defenses, and the answers to them likely will assist Hill-Rom in pursuing additional discovery. The amount of attorney fees and costs expended by Hill-Rom, on the other hand, is not related to any issue that will be decided by dispositive motion or at trial.

5

Plaintiff in his expert report to purportedly calculate a reasonable royalty base for Plaintiff's damages calculation" and argue that

> [i]t boggles the mind that Plaintiff, on the one hand has provided its damages expert with WatchCare *sales projections* to base his royalty base analysis on, but, on the other hand, has refused to produce WatchCare *actual sales data*, and has taken the position that such actual sales data is somehow irrelevant and non-discoverable. To state the obvious, Encompass Defendants are entitled to obtain the WatchCare actual sales data to compare it against the WatchCare sales projections that Plaintiff's damages expert has based a significant portion of his expert opinion on. To the extent the WatchCare actual sales are significantly different than the WatchCare projected sales, such a fact speaks directly to, among other things, the credibility and reliability of Plaintiff's damages expert opinion. This alone is sufficient to compel Plaintiff to provide the requested information.

[Dkt. 294 at 8-9.] Encompass and Ufford also argue that, because Hill-Rom "has stated in this action that its WatchCare product includes some of Plaintiff's alleged trade secrets," the information is relevant to whether those trade secrets had economic value to Hill-Rom. *Id.* at 9.

Federal Rule of Evidence 401 provides that evidence is relevant if it has "any tendency to make a fact more or less probable than it would be without the evidence" and where "the fact is of consequence in determining the action." Fed. R. Evid. 401. "Relevance in discovery is broader than relevance at trial; during discovery, 'a broad range of potentially useful information should be allowed' when it pertains to issues raised by the parties' claims." *Bank of Am., Nat'l Ass'n v. Wells Fargo Bank, N.A.*, 2014 WL 3639190, at *3 (N.D. Ill. July 23, 2014) (quoting *N.L.R.B. v. Pfizer, Inc.*, 763 F.2d 887, 889-90 (7th Cir. 1985)). While neither party has taken the time to provide the Court with much information about the WatchCare product and its relationship to the alleged trade secrets at issue in this case, given the broad definition of discovery in the discovery context, the Court determines that Encompass and Ufford have adequately demonstrated the relevance of the information sought in Interrogatory No. 25 to the claims and defenses in this case. Accordingly, the motion to compel is **GRANTED** with regard to that interrogatory.

6

## IV. Conclusion

For the reasons set forth above, the Motion to Compel Answer to Interrogatories Propounded on Hill-Rom Services, Inc., [Dkt. 286], is **GRANTED IN PART** and **DENIED IN PART**. Hill-Rom shall provide a complete and unequivocal response to Interrogatory No. 25 **on or before December 23, 2019**.

Because the motion is granted in part and denied in part, the Court has discretion to "apportion the reasonable expenses for the motion." See Fed. R. Civ. Pro. 37(a)(5)(C). However, because Encompass and Ufford filed the motion without awaiting the supplemental responses promised by Hill-Rom, and because the position of Encompass and Ufford was substantially justified with regard to Interrogatory No. 21, the Court declines to award expenses to either side. See Fed. R. Civ. Pro. 37(a)(5)(A).

SO ORDERED.

Dated: 12 DEC 2019

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution:

Service will be made electronically on all
ECF-registered counsel of record via email
generated by the Court's ECF system.